## HULL'S CASE.

### Knox.    Opinion December 31, 1925.

*A finding by the chairman of the Industrial Accident Commission, if supported by rational and natural inferences from facts proven or admitted, is final.*

In the instant case the finding of the Chairman of the Commission, that the cerebral hemorrhage from the effects of which Mr. Hull died was an accident arising out of and in the course of the employment of the decedent, is supported by a rational and natural inference from facts proven.

On appeal.    Petition of dependent widow of Frederick J. Hull who was stricken with cerebral hemorrhage on July 16, 1924, while in the employment of Charles S. Bicknell in turning jack screws in raising a heavy building and work connected therewith, which resulted in a shock and paralysis, and finally in death three days after the hemorrhage.    Compensation was awarded and an appeal taken from an affirming decree.    Appeal dismissed with costs.    Decree below affirmed.

The case appears in the opinion.

*Edward C. Payson,* for petitioner.

*Hinckley & Hinckley,* for respondents.

SITTING:    PHILBROOK, DUNN, DEASY, STURGIS, BARNES, JJ.

STURGIS, J.    This is an appeal from the decree of a single Justice affirming the decision of the Chairman of the Industrial Accident Commission.

The record discloses the following facts:    On the morning of July 16, 1924, Frederick J. Hull, while in the employ of Charles E. Bicknell as a carpenter, was engaged in raising a barn by means of jack-screws. The weather was warm.    The position in which Mr. Hull had to work was awkward and cramped, and the building so heavy as to require unusual exertion in the work.    About eleven o'clock, Mr. Hull finished his work on the jack-screws and began hewing a piece of

timber. As he commenced this new work he complained of not feeling well but continued for about a half hour, when he left the work and started towards the barn, staggering as he went. Upon entering the barn he collapsed, and when taken home was found to be suffering from a cerebral hemorrhage from the effects of which he died July 29, 1924.

The Chairman in his finding says: "It is found as a matter of fact that the work being performed by Mr. Hull during the morning preceding the hemorrhage, the excessive strain it required, the cramped position in which he was obliged to exert himself together with the heat which was particularly oppressive on the southerly side of the building where he did much of his work that morning were all material contributing factors in bringing on the hemorrhage at the particular time it occurred. Because of these facts, the conclusion is arrived at that Mr. Hull's death was due to an accident arising out of and in the course of his employment with Charles E. Bicknell."

The dependency of the petitioner, widow of the deceased employee, being established, the decree of compensation followed. The appeal is in behalf of Charles E. Bicknell, the employer, and his Insurance carrier, The Federal Mutual Liability Insurance Company.

The opinion of this court in *Patrick* v. *Ham*, 119 Maine, 510, is decisive of the present case. The facts involved in the two cases are strikingly similar. In each, cerebral hemorrhage is found to be the cause of death, and to have resulted from the work in which the deceased was engaged just before he was stricken. Upon the facts found in the Patrick case, facts not materially at variance with those in the instant case, nor of more probative value, the finding of the Commissioner that the cerebral hemorrhage was an accident arising out of and in course of the deceased's employment was held by this court to be supported by rational and natural inferences from facts proved. No less can be said in this case.

The character of the work done by the deceased as found by the Commissioner is not in dispute. The deceased was stricken at his work, carried to his house, and found by the attending physician to be practically unconscious, paralyzed in one arm and leg, and suffering from cerebral hemorrhage. His blood pressure was high. An examination disclosed hardening of the arteries. Physicians of learning and broad experience stated as their opinion that the character of the work done by Mr. Hull, and the conditions under which

he worked that forenoon, were contributing causes and probably hastened the coming on of the hemorrhage. The finding indicates that the medical testimony offered to contradict these opinions was not convincing to the Commissioner.

"It is for the trier of facts who sees and hears witnesses to weigh their testimony and without appeal to determine their trustworthiness." And, "the Court will review the commissioner's reasoning but will not, in the absence of fraud, review his findings as to the credibility and weight of testimony." *Mailman's Case*, 118 Maine, 177.

The theory of the defense is that the hemorrhage was the natural result of a diseased condition of the circulatory system and it occurred independently of the employment of the deceased. The existence of hardening of the arteries and high blood pressure is immaterial, even though it would have finally produced cerebral hemorrhage. Acceleration or aggravation of pre-existing diseases is an injury caused by accident. *Patrick's Case*, supra; *Orff's Case*, 122 Maine, 114.

The Commissioner adopted the theory that the hemorrhage resulted from Hull's exertions in the course of his work raising the barn. We think this inference is reasonable and warranted.

The entry must therefore be,

*Appeal dismissed with costs.*
*Decree below affirmed.*