ALBERT'S CASE.

Kennebec.    Opinion, February 7, 1946.

*F. Harold Dubord*, for the petitioner.

*Robert B. Matthews*,

*James M. Gillin*, by brief, for the defendants.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, MURCHIE, TOMPKINS, JJ.

HUDSON, J.   This is an appeal from a *pro forma* decree of a Justice of the Superior Court confirming a finding of the Industrial Accident Commission denying an employee's petition for award of further compensation.

In her petition the claimant set forth that on January 22, 1940, while working as a tailing girl in the employ of the Lockwood Company at Waterville, she received a personal injury by accident arising out of and in the course of her employment; that said

accident happened while she was bending over a box containing bobbins at the end of a spooler, she being caught between the traveler and steel bobbin box; that her chest was crushed and that she suffered injuries to her right arm, shoulder, and other parts of her body, which left her with a condition of osteo-arthritis of the right shoulder; and that on account of said injuries she received total compensation ending on May 18, 1940. In the pending petition she now claims "further compensation on account of total incapacity subsequent to said date." The defendant answered that to this she was not entitled. The Commission heard the case at Waterville on October 23, 1944, and dimissed the petition.

It found factually that the employee was injured on January 22, 1940, for which she was paid compensation for total incapacity to and including May 18, 1940; that she returned to work on May 20, 1940 and worked continuously to January 22, 1941, performing the same type of work and at the same rate of pay; that on or about the first day of June, 1942, she was again employed by the Lockwood Company and worked continuously at a wage in excess of that which she was receiving at the time of her accident until July, 1943, a period of over a year, when she quit because of her physical condition. The Commission also found that she was treated by Dr. McQuillan for the injury sustained on January 22, 1940, and that she was again examined by him on October 6, 1943, when the doctor found a changed condition in the right shoulder, her condition then being acute. It concluded that there had been "some intervening cause or condition which the employee has suffered which has resulted in her incapacity to work subsequent to May 18, 1940, the date of her last payment of compensation, and that the cause or condition is not the result of the accident of January 22, 1940. . . ." It added:

"The petitioner fails to sustain the burden of proving that she has suffered any incapacity to work as a result of her accident and injuries of January 22, 1940, to October 23,

1944, date of last hearing, over and above that for which she has already been compensated."

It will be noted that the decision of the Commission was based wholly on findings of fact. No issue of law was presented.

Formerly, as held in *Orff's Case*, 122 Me., 114, 119 A., 67, and as stated later in *Ferris' Case*, 132 Me., 31, 165 A., 160; *Weymouth* v. *Burnham and Morrill Co.*, 136 Me., 42, 1 A., 2d, 343; *Drouin* v. *Snodgrass Co. et al.*, 138 Me., 145, 23 A., 2d, 631; and *McNiff* v. *Town of Old Orchard Beach et al.*, 138 Me., 335, 25 A., 2d, 493, a distinction was made between decisions of the Commission in favor of the employee and those against it. In those against the employee the Court would review the decision, even upon findings of fact, but not so in decisions against the employer. The question of such a distinction again came before this Court in *Robitaille's Case*, 140 Me., 121, 34 A., 2d, 473, and therein the distinction was abolished, the Court stating on page 125 of 140 Me., page 475 of 34 A., 2d:

"The Commission, by the Act, is made the trier of facts and its findings thereof, *whether for or against the claimant*, are final; but in arriving at its conclusions it must be guided by legal principles. Failing in this it commits error of law and it is the function of the Court to correct such error. For this purpose the Court will examine the evidence set forth in the record." (Italics ours.)

And later on page 127 of 140 Me., page 475 of 34 A., 2d:

"We therefore, after careful consideration, disaffirm the claimed interpretation of *Orff's Case*, supra, and the rule as to review that would follow such interpretation and, so far as *Orff's Case*, supra, *Ferris's Case*, 132 Me., 31, *supra*, *Weymouth* v. *Burnham & Morrill Co.*, supra, *Drouin* v. *Snodgrass*, supra and *McNiff* v. *Town of Old Orchard*, supra, are in conflict with the rule here stated, the same are overruled."

To the same effect see *Fisher's Case,* 140 Me., 156, 34 A., 2d, 621. In *Fisher's Case* it was stated:

"The issue in this case being factual only and no error of law appearing, the appeal must be dismissed."

We adhere to the law as enunciated in both the *Robitaille* and *Fisher* cases, supra. Before this appeal should be sustained, it would be incumbent upon the claimant to show that the decision below was based upon an error of law. If such error of law were made to appear, it would be the function of this Court, as above stated in the quotation from *Robitaille's Case,* to correct such, and for this purpose the Court would examine the evidence set forth in the record. We do not review the evidence with a purpose to discover whether the Commission erred in its finding of facts. It is the trier of facts and its holdings on questions of fact, when there is any evidence in support of the same, cannot be disturbed by us. We will not pass upon the sufficiency of the evidence, but it must be competent and have probative force.

Still, "Upon either finding by the Commission, in favor or against the moving party, if it is apparent that the Commission has disregarded evidence which has probative force in favor of the party against whom the decision has been rendered, the decision will be set aside." *Robitaille's Case,* supra, on page 126.

In the instant case it has not been made to appear that the Commission disregarded evidence which had probative force in favor of the appellant or that the finding of the Commission was founded in whole or in part upon incompetent or illegal evidence. Had there been such, it would have been an error of law which would necessitate the sustaining of the appeal. *Robitaille's Case,* supra, on page 126, 34 A., 2d, 475.

The stated contention of counsel for the appellant is "that the decision of the Commissioner is entirely erroneous and not founded on any evidence and definitely contrary to the evidence in the

case. In other words, the Commissioner found facts without evidence." But the record does not support this contention. It contains competent and probative evidence in favor of both parties and the question of whether the employee sustained the burden of proof before the Commission under those circumstances was for its sole determination. However, a finding not based on any evidence is an error of law which would compel this Court to sustain an appeal from such a decision. Where there is competent evidence of probative value in the record in support of the contentions of both parties, the Commission has the right to adopt as the basis of its decision that which it regards true and proven by a fair preponderance of the testimony, and we cannot substitute our judgment for that of the Commission on such fact finding by the Commission.

The Commission denied the appellant's petition for further compensation because there was "some intervening cause or condition which the employee has suffered which has resulted in her incapacity to work subsequent to May 18, 1940, the date of her last payment of compensation, and that the cause or condition is not the result of the accident of January 22, 1940, and we so find." This was a finding of fact. If there were no competent or probative evidence in the record to justify it, then the appeal should be sustained. A very careful study of the record convinces us, however, that there was some such evidence supporting such a finding. That being the case, it is not within our province or legal right to disturb the Commission's finding of fact.

Although we do not intend at length to discuss the evidence, we think perhaps we should indicate briefly some of the facts the Commission had before it in support of its findings.

The claimant testified that following the original accident on January 22, 1940, she suffered two accidents, one at the mill and the other in her home. It seems that at the mill she was carrying a basket of bobbins, which she dropped. She said, "When I dropped the basket, it hurt me," and she dropped it because "It was too heavy." As to the home accident she was asked this question,

"Now, do you remember, Mrs. Albert, of, while at home you slipped and was obliged to support all of your weight with the right arm, and hurting your right arm again?" to which she answered, "I tried to help myself on my right arm and I couldn't." While she denied that she hurt her right arm at that time, she stated, "I forced my arm, and it hurt a little bit more." She said that when she went to get something under the sink in her home she put her right hand on the board there and fell. When asked if she had difficulty in getting up from the floor her reply was, "No, with my left arm I didn't have a hard time," and when asked if her right arm gave her pain at that time she gave the evasive answer of, "It always did hurt." She quit work after this accident at home. She stated, "No, I couldn't work," and that she remained at home a year following the home accident. At another place in the record she was asked, "Why did you stop working at the mill in July, 1943?" to which she replied, "Because I couldn't work any more on account of my arm."

This cessation of work for a long time following the home accident and the fact that she gave no reason for such cessation except her inability to work following that accident no doubt had significance with the Commission in determining whether an "intervening cause or condition" had occurred following the original accident which "resulted in her incapacity to work subsequent to May 18, 1940, the date of her last payment of compensation."

It seems that on the day following the original injury, an X-ray was taken of the arm and shoulder, which showed no fracture of the bone, and later, following the accidents in 1943, an X-ray was taken which did reveal a bone fracture of the right arm. It may well be that this evidence in particular induced the Commission to find as it did that these later accidents caused the injuries to the right arm which constituted the intervening cause mentioned in its decision. Anyway, the Commission found this to be the fact from the evidence before it; which cannot be said to be incompetent or without probative value. The petitioner admitted the intervening accidents but denied the bone fracture on either occa-

sion. The Commission, however, had a perfect right to rely on the X-rays and the medical testimony rather than on her statement in determining this question of fact.

These factual findings based upon some testimony, whether sufficient or not, must stand before this tribunal. *Robitaille's Case*, supra. It has not been made to appear to us that the Commission in arriving at its conclusion was not guided by legal principles, and, as stated in *Fisher's Case*, supra, on page 157, 34 A., 2d, 621, "The issue in this case being factual only and no error of law appearing, the appeal must be dismissed."

*Appeal dismissed.*
*Decree below affirmed.*