Roger G. BERNIER

v.

The COCA–COLA BOTTLING PLANTS,
INC. and/or Aetna Casualty
& Surety Co.

Supreme Judicial Court of Maine.

March 10, 1969.

John D. Griffin, Lewiston, for plaintiff.

Lawrence P. Mahoney, Portland, for defendants.

Before WEBBER, TAPLEY, MARDEN, DUFRESNE and WEATHERBEE, JJ.

MARDEN, Justice.

On appeal from pro forma decree of the Superior Court founded upon decree of the Industrial Accident Commission denying compensation.

The facts, in brief, are as follows: Prior to the date of the incident, appellant had been employed by the appellee about five and one-half years serving in capacities of loader, bottler and for the last three years in work which combined the duties of a salesman, truck driver, and delivery man. This duty involved the handling of cases of bottles of the appellee's product, which cases, depending upon bottle size, weighed from 40 to 66 pounds, and the handling of metal cylinders of pre-mixed beverage, which tanks were installed in the dispensing cabinets. A given truck load might consist of from 20 to 150 cases of bottles, with the remainder of truck capacity in tanks.

These cylinders of pre-mixed beverage are of metal, described in one instance as stainless steel and in another as aluminum, but represent a weight of about 58 pounds each. The tanks were 8 or 9 inches in diameter and "a little more than three feet" in length and were stacked in the delivery truck, "like cord wood."

On September 19, 1966 preparatory to installing one of these cylinders in a dispenser, he states that he had climbed up on the side of the truck and "was pulling out one like this" and "I got it about half way —they get bent a lot because they are aluminum and I was pulling on it and all of a sudden I felt something in my back—left side—it was a pain, it was like a tear and it was really quite bad so I just left it there and I set down on the steps there."

On cross-examination appellant testified as follows:

"Q. And what would you stand on when you were doing this?"

"A. Well, the truck is quite high and this *ben* (sic) is over the wheel and in the middle of the tire there is an iron bar that goes across—just so you can step on it to get in to that pit, and I had stepped up on that and was pulling on the tank to get it out."

The record does not disclose the position in which appellant was standing when he attempted to remove the tank, but it is obvious that he was not standing on the ground and was standing on some portion of the side of the truck.

For some time after the date of the incident, his employer supplied a helper, and some nine months thereafter his condition was such that he stopped working.

He had experienced no back trouble prior to this occasion.

Medical testimony from the physicians involved characterized his condition as a lumbosacral strain, and an orthopedic surgeon testified that his examination indicated "a structually weak low back" probably due to a spina bifida occulta, which is a congenital abnormality of the back.

The Commissioner held (a) "that there was no accidental injury within the meaning of the act so far as any usual slip, fall, etc., in other words, external injury" and (b) that the employee had "the hidden defect, and that * * * the injury sustained * * * is not the causal factor" and denied compensation.

Appellant urges, upon appeal, that the conclusion of the Commissioner was an error of law.

■ No citation of authority is necessary to support the rule, expressed many times, that the findings of the Commissioner upon questions of fact are final, if supported by some competent evidence.

■ The presence of a disability due to injury is a question of fact and "(t)he issue of causal connection is one of fact," Baker's Case, 143 Me. 103, 107, 55 A.2d 780, 782, but decisions upon questions of fact "must be guided by legal principles, Robitaille's Case, 140 Me. 121, 34 A.2d 473, and will be set aside if based in any degree on the misapprehension of undoubted facts, Hinckley's Case, 136 Me. 403, 11 A.2d 485." Baker's Case, supra, at 107, 55 A.2d at 782.

"(I)f it is apparent that the Commission has disregarded evidence which has probative force in favor of the party against whom the decision has been rendered, the decision will be set aside." Albert's Case, 142 Me. 33, 37, 45 A.2d 660, 661.

■ Normally conclusions of fact are reached from conflicting presentations of the occurrence out of which the claim arises, the effect on the employee, extent of disability, and a resolution indirectly of the credibility of witnesses. The Commissioner was not confronted with a determination of comparative credibility here. None of the facts about the incident out of which the alleged disability arose, the effect on claimant or the condition of appellant's back is controverted. The issue is the causal connection between the incident and the disability, and denying it by the terms of the decree, was legal error.

If the Commissioner's conclusion (a) is to be taken literally he has concluded that

there was no accident within the meaning of the Workmen's Compensation Act because there was no external injury, but Brown's Case, 123 Me. 424, 425, 123 A. 421, 422, 60 A.L.R. 1293, held that "an internal injury that is itself sudden, unusual and unexpected is none the less accidental because its external cause is a part of the victim's ordinary work." Brown's compensable disability was an acute dilatation of the heart following the shoveling of snow as part of his regular work. See also Patrick v. J. B. Ham Co., 119 Me. 510, 111 A. 912, 13 A.L.R. 427, and Taylor's Case, 127 Me. 207, 142 A. 730.

If the Commissioner's conclusion (b) purports to say that due to the congenital weakness in the employee's back *ergo* the strain arising out of his ordinary work could not be the cause of the disability, he is misapprehending the record.

> "Preexisting * * * infirmity of the employee does not disqualify a claim under the 'arising out of employment' requirement if the employment aggravated, accelerated, or combined with the * * * infirmity to produce the * * * disability for which compensation is sought. This is sometimes expressed by saying that the employer takes the employee as he finds him." Larson's Workmen's Compensation Law § 12.20.

See *Patrick, supra*, 119 Me. at page 518, 111 A. 912 (diseased arteries); Orff's Case, 122 Me. 114, 116, 119 A. 67 (cancer); Healey's Case, 124 Me. 54, 56, 126 A. 21 (tuberculosis); and Hull's Case, 125 Me. 135, 136, 131 A. 391 (hardening of the arteries). For cases with factual similarity to the one at bar see Kroger Company v. Millsap, 280 Ala. 531, 196 So.2d 380 (1967) (congenital impairment of back); Schreven v. Industrial Commission of Arizona, 96 Ariz. 143, 393 P.2d 150 (1964) (congenital deformity of spine).

Under the provisions of 39 M.R.S.A. § 103 the appellant is entitled to an allowance for his expenses on appeal.

Appeal sustained. Ordered that an allowance of $300 to cover fees and expenses of counsel plus cost of the record be paid by the employer to the employee.

WILLIAMSON, C. J., did not sit.