(No. 25564.—

The Brown Shoe Company, Inc., Plaintiff in Error, *vs.* The Industrial Commission *et al.*—(Sherman Wickham, Defendant in Error.)

*Opinion filed October 11, 1940—Rehearing denied Dec. 4, 1940.*

Smith & Murray, and Nagel, Kirby, Orrick & Shepley, for plaintiff in error.

J. Edward Jones, for defendant in error.

HARRY I. HANNAH and THOMAS R. FIGENBAUM, for defendant in error on rehearing.

Mr. JUSTICE MURPHY delivered the opinion of the court:

September 20, 1935, Sherman Wickham, defendant in error, filed an application with the Industrial Commission claiming compensation for injuries alleged to have been sustained April 20, 1935, while engaged in the course of his employment for the Brown Shoe Company. The arbitrator found, as a matter of fact, that there was no evidence of notice of accident to the employer as required by section 24 of the Workmen's Compensation act and no proof that applicant's disablement was caused by accidental injury. The Industrial Commission, on review, heard additional evidence on the matter of notice and physical condition but sustained the findings of the aribtrator. On *certiorari* the circuit court of Cook county reversed the order of the commission and remanded the cause with directions "to hear evidence and determine the extent of the disability and the amount of compensation and nothing else." Pursuant to this mandate the commission limited the evidence to the objections specified and entered an order finding that due and timely notice of accident had been given, that applicant's physical condition was the result of accidental injury and fixed an award of $11 per week for 364 weeks and $320.53 per annum thereafter. Wickham, being a resident of Coles county, plaintiff in error thereupon obtained a writ of *certiorari* from the circuit court of Coles county to review the award. That court approved the award except as to the amount, holding there was no evidence to support the finding that the employee had a dependent child. The court remanded the cause to the Industrial Commission with directions to hear evidence in reference to the dependent child and as to the amount of wages the employee had received. This court granted a writ of error but upon further consid-

eration it was found the order was not final and the writ was dismissed. (*Brown Shoe Co. Inc.* v. *Industrial Com.* 371 Ill. 273.) Steps were then taken which resulted in a final order of court confirming the award. Writ of error was granted to review this order.

The first error assigned is in·reference to the proof of notice of accident. The fact that the circuit court of Cook county reversed the finding of the commission that there was no proof of notice, and the circuit court of Coles county affirmed the subsequent finding of the commission that notice was given, furnishes the basis for this assignment of error. Plaintiff in error urges that the first finding of the commission that there was no proof of notice was supported by the evidence and that the circuit court of Cook county erred in reversing it and that such ruling remains open for review by this court. On the other hand, defendant in error contends the effect of the order of reversal of the circuit court of Cook county was to set aside the finding of the commission leaving the parties in the same position as though no order had been entered, and the subsequent finding of the commission that there was due and timely notice is supported by the evidence and the order of the circuit court of Coles county sustaining such finding was correct.

All evidence of notice of accident was introduced prior to the *certiorari* proceedings in the court of Cook county. It shows defendant in error had been in the employ of plaintiff in error for several years. Friday, April 19, the factory closed for the week-end, but defendant in error returned the next day to wash and clean the interior of one of the steam boilers and in doing so it was necessary he enter the boiler. Defendant in error testified the boiler had not had time to cool, the interior was intensely hot and that after working in there for some time he came out and immediately became sick and fell from heat exhaustion. One witness, not an employee of plaintiff in error, testified he was present

and saw defendant in error fall, assisted him to a bench and then took him to a doctor for medical attention. It is not claimed any of plaintiff in error's representatives to whom notice would be binding was present when defendant in error became ill, nor is there any claim that written notice was given. Defendant in error returned to his work the following week and continued in his employment until the factory closed, April 26. He testified that within the week following the labor on the boiler, he told Louis Abeln, his immediate superior, he became too hot when he was cleaning the boiler; that it made him sick and he was not feeling well, that Abeln said he would have somebody help him. Defendant in error says a week or two thereafter he asked Abeln for work as a watchman but was refused. It does not appear whether he was seeking the work as watchman because of physical inability to perform other work or was seeking it because the factory was closed and he was out of employment. Abeln denied having any such conversations with defendant in error. Frank Irby testified that on the morning of Tuesday, April 23, he was in the boiler room where defendant in error was working and heard a conversation between defendant in error and Abeln, in which defendant in error told Abeln he became hot the day he washed the boiler, that he was sick and had been to a doctor. Irby said Abeln told defendant in error he would see if he could get him a helper. Abeln denied having had any conversation with defendant in error as testified by Irby. On cross-examination Abeln admitted having had a conversation with defendant in error on Tuesday following the accident but he denied the subject of conversation was as testified to by defendant in error. In rebuttal of Irby's testimony, Abeln did not make positive denial but stated he had no recollection of such conversation.

Defendant in error had the burden of proving that notice of the accident had been given as required by statute. It was a question of fact for the determination of the com-

mission and when it made the first finding that no notice had been given, that finding was not subject to reversal by the court unless it clearly appeared the finding was manifestly against the weight of the evidence. There was a conflict in the evidence as to whether any conversation in reference to the accident occurred as claimed by defendant in error and under such circumstances it was the province of the commission to weigh the evidence and determine the credit and weight to which each witness was entitled. Under the circumstances shown the commission's finding on that question should not have been set aside by the circuit court of Cook county.

Defendant in error's contention that the order of reversal and remandment with directions, entered by the court of Cook county, left the parties in the same position as though no order had been entered is untenable. The legal effect of the order was that the question of notice had been adjudicated by the court, that nothing remained for the commission to do except to hear evidence and determine other questions of fact necessary to the allowance of an award. The directions contained in the remandment order limited the commission's inquiry to the matters specified. It was required to accept the fact of notice as having been fully established.

The finding in the second order of the commission that notice had been given can not be treated as an original finding on that question. No new evidence had been taken on the matter of notice and it was not within the directions of the circuit court of Cook county that the commission should take further evidence upon that subject or that it should enter upon a reconsideration and a revaluation of the testimony previously taken. The circuit court of Coles county could not, in the second *certiorari* proceeding, review the judgment of the circuit court of Cook county.

It has been held that where the circuit court reverses the finding of the Industrial Commission and remands the

cause to the commission with directions, that the commission is bound by such directions, but this court, on review, is not precluded from examining the evidence and determining whether the order of the court was correct. *Gray Knox Marble Co.* v. *Industrial Com.* 363 Ill. 210; *Raffaelle* v. *Industrial Com.* 326 id. 166; *Yellow Cab Co.* v. *Industrial Com.* 333 id. 49.

Defendant in error relies upon the statement in *Western Shade Cloth Co.* v. *Industrial Com.* 325 Ill. 570, to the effect that where the circuit court sets aside an award of the Industrial Commission and remands the proceedings with directions the original award is, in effect, expunged from the record, the parties to the litigation are restored to their original rights exactly the same as if no award had theretofore been entered by the Industrial Commission, and that a subsequent award by the commission was to be treated as original and as if no award had theretofore been entered. The facts in that case are not the same as in the instant case for in this case no award was allowed by the commission. What was said in the part of the opinion relied upon was not necessary to a decision of the questions presented in that case. The part of the opinion relied upon is not controlling under the facts of this case.

The requirement of the statute that no proceeding shall be maintained unless notice of the accident has been given to the employer within thirty days, makes proof of such notice essential to the jurisdiction of the commission. (*Ridge Coal Co.* v. *Industrial Com.* 298 Ill. 532; *Ohio Oil Co.* v. *Industrial Com.* 293 id. 461; *Barrett Co.* v. *Industrial Com.* 288 id. 39.) Since the proof of notice was insufficient the commission was without jurisdiction to award compensation. It is not necessary for us to consider the other errors assigned.

The judgment of the circuit court is reversed and the award set aside.

*Judgment reversed; award set aside.*