GEORGE A. ROBITAILLE'S CASE.

York.    Opinion, November 3, 1943.

122

*Titcomb & Siddall,* for the claimant.

*Robinson & Richardson,* for the employer.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, MUR-CHIE, CHAPMAN, JJ.

CHAPMAN, J.   This cause is an appeal from the decree of a Justice of the Superior Court confirming a finding of the Industrial Accident Commission. The original petition for compensation was brought by the widow of the deceased employee whose death it was alleged was the result of injuries received in an accident arising out of and in the course of his employment.

The deceased was one George A. Robitaille, an auxiliary member of the fire department of the town of Sanford. While in the performance of his duty at a fire he received burns of first and second degree about his head, hands and arms. Sixteen days later Mr..Robitaille died suddenly from what an autopsy disclosed to be a coronary thrombosis. The issue raised before the Commissioner was solely upon whether either the physical exertion or mental stress which Mr. Robitaille ex-

perienced at the time of the fire, or the burns themselves, directly caused the coronary thrombosis or so aggravated or accelerated a previously existing diseased coronary condition as to bring about the thrombosis at the time when it occurred. The establishment of the affirmative of this issue would entitle the complainant to a decision in her favor. Otherwise the defendant employer was entitled to the decision.

At the hearing before the Commission testimony was presented in behalf of the claimant to the effect that the deceased was thirty-seven years of age and, previous to the time when he received the injuries, was regularly employed in the Sanford Mills and as an auxiliary fireman by the Town of Sanford; that he had worked daily at his regular employment which required somewhat strenuous physical exertion; that during the three years next preceding the accident he had made no complaint of being sick and had visited a doctor but once during that time, and that for a minor ailment. This was evidence of good health. The Commission would have been justified in finding that his physical appearance previous to the accident was such as to indicate the continuation of his apparent good health. The Commission also had a right to take into consideration the fact, universally known, that, if a person is afflicted with a serious ailment, personal injuries may aggravate such ailment and in some cases sufficiently so as to hasten death. So it may be said that there was evidence of probative force in favor of the claimant.

Likewise there was evidence to support the position of the employer that death at the time when it occurred was not the result of the accident. There was evidence that, while the burns were painful, he was not overcome at the time when they were received; that of his own accord he walked into the doctor's office for treatment and that he steadily improved, so far as his injuries were apparent, up to the time of his death, which occurred with the suddenness usual to the disease with which it was found that he was afflicted, and that on the day

of his death, sixteen days after the accident, he appeared, except for his burns, to be in his usual health.

An autopsy disclosed that the coronary arteries had deteriorated to such an extent that there was a shrinkage in the canal of the artery where the thrombus formed of seventy-five to eighty percent. Medical witnesses gave it as their opinion that the deterioration of the arteries had extended over a period of months or years and that the process of gradual deterioration had finally resulted in a rupture of tissue, and that the thrombus, under microscopic examination, appeared to be of recent origin. Medical opinion was presented that the rupture of the tissue had occurred only a few minutes previous to death and that it was not to be associated with the burns.

Thus the Commission had before it evidence in favor of the contention of each of the respective litigants and upon that evidence rendered its decision, a finding of fact against the claimant. The decision was duly embodied in a *pro forma* decree of a Superior Court Justice and an appeal therefrom taken.

Before the Commission the burden of proof was upon the claimant to establish her contention upon the issued raised, by a fair preponderance of the evidence. *Westman's Case*, 118 Me., 133, 138, 106 A., 532. She contends that she successfully sustained this burden and asks that this Court review the case upon the merits of the evidence presented to the Commission and set aside the decision of that tribunal by reason of its failure to decide in her favor. In support of the authority of the Court to take such action her counsel cites *Orff's Case*, 122 Me., 114, 119 A., 67, to the effect, as counsel claims, that while in a case in which the decision is in favor of the claimant the Court will not interfere therewith if there be any competent evidence in support of the decision, in a case in which the decision is against the claimant the Court will review the evidence and sustain or set aside the decision in accordance with its own conclusion as to whether the claimant has sustained the burden of proof. In other words, that when the decision of the Com-

mission is against the claimant the Court will pass upon the facts.

This Court has expressed approval of such interpretation of *Orff's Case* and of the resulting rule as to review in *Ferris's Case,* 132 Me., 31, 165 A., 160; *Weymouth* v. *Burnham & Morrill Co.,* 136 Me., 42, 1 A. (2d), 343; *Drouin* v. *Snodgrass Co.,* 138 Me., 145, 23 A (2d), 631 and *McNiff* v. *Town of Old Orchard,* 138 Me., 335, 25 A. (2d), 493, although the decisions rendered in these cases did not depend for their correctness upon the application of such a rule. However, the review resulting from such interpretation is not in harmony with R. S. 1930, Chap. 55, known as the Workmen's Compensation Act, and by which the Court must be guided in its procedure.

Section 36 of the Act says that the decision of the Commission—

"in the absence of fraud, upon all questions of fact shall be final."

Section 40 says as to the pro forma decree provided for:

"there shall be no appeal therefrom upon questions of fact found by said Commission . . . ",

and further:

"and the law court may, after consideration, reverse or modify any decree so made by a justice based upon an erroneous ruling or finding of law."

The Commission, by the Act, is made the trier of facts and its findings thereof, whether for or against the claimant, are final; but in arriving at its conclusions it must be guided by legal principles. Failing in this it commits error of law and it is the function of the Court to correct such error. For this purpose the Court will examine the evidence set forth in the record.

A finding for the moving party must be founded upon some competent evidence. *Mailman's Case,* 118 Me., 172, 106 A.,

606. But it must be wholly upon such evidence. If the finding is founded in whole or in part upon incompetent or illegal evidence error has been committed and the finding will not be sustained. *Gauthier's Case,* 120 Me., 73, 113 A., 28; *Hinckley's Case,* 136 Me., 403, 11 A. (2d), 485. If there is any evidence in support of such finding it cannot be set aside. *Simmons's Case,* 117 Me., 175, 103 A., 68; *Westman's Case,* supra and *Mailman's Case,* supra. The sufficiency of the evidence will not be passed upon, but it must be competent and have probative force. *Williams' Case,* 122 Me., 477, 120 A., 620; *Adams' Case,* 124 Me., 295, 128 A., 191; *Mailman's Case,* supra; *Westman's Case,* supra. If the findng is against the moving party it must appear that evidence in favor of the moving party was not, in the minds of the Commission, sufficient to sustain the burden of proof against the evidence of the defendant, or that there is absence of any evidence in favor of the moving party, in which situation it matters not whether there be evidence in favor of the defendant, for it is a principle applicable to all judicial proceedings that total lack of evidence in favor of the moving party will entitle the defendant to a decision in his favor, a principle too elemental to require citation of authority. Upon either finding by the Commission, in favor or against the moving party, if it is apparent that the Commission has disregarded evidence which has probative force in favor of the party against whom the decision has been rendered, the decision will be set aside. *Ferris's Case,* 123 Me., 193, 122 A., 410; *Farwell's Case,* 127 Me., 249, 142 A., 862.

. When the Court examines the record in accordance with the above principles it is not deciding facts, it is asserting its authority to prevent a departure from legal principles and is acting within the contemplation of the statute wherein it is said that the Court may reverse or modify any decree "based upon an erroneous ruling or finding of law."

Further than this the Court will not go and this is so whether the decision of the Commission is in favor of or against the

claimant. The Court will in either case be guided by the statute, which makes the Commission the trier of facts and limits the authority of the Court to questions of law.

We therefore, after careful consideration, disaffirm the claimed interpretation of *Orff's Case,* supra, and the rule as to review that would follow such interpretation and, so far as *Orff's Case,* supra, *Ferris's Case,* 132 Me., 31, supra, *Weymouth* v. *Burnham & Morrill Co.,* supra, *Drouin* v. *Snodgrass,* supra and *McNiff* v. *Town of Old Orchard,* supra, are in conflict with the rule here stated, the same are overruled.

In the instant case there was competent evidence in favor of the claimant and of the defendant respectively. Whether the claimant had sustained the burden of proof was the problem of the Commission, a question of fact which cannot be disturbed by this Court.

The entry therefore must be:

> *Appeal dismissed.*
> *Decree affirmed.*