PERLEY MCPHERSON
*vs.*
CITY OF PRESQUE ISLE, MAINE
AND
HOME INDEMNITY COMPANY

Aroostook.   Opinion, June 8, 1954.

*Albert M. Stevens,* for   plaintiff.

*Clyde M. Wheeler,* for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, TIRRELL, WEBBER, BELIVEAU, TAPLEY, JJ.

BELIVEAU, J.   On appeal.   This is an appeal from a *pro forma* decree in which the court approves the findings of the Industrial Accident Commission and orders that the petition for award of compensation be dismissed.

The facts show that on November 22, 1952 the petitioner, while in the employ of the City of Presque Isle, claims to have received personal injuries by accident "arising out of, and in the course of my employment."

On that day, and probably a day or two before, his work consisted of loading snow fence onto a truck assisted by

another employee. These rolls of fence weighed between 50 and 75 pounds and were handled by the two men—each taking one end of the roll and placing it on the truck where it was placed in position by another employee.

It is the claim of the petitioner that sometime later in the afternoon of the day mentioned, and while loading the fence, he became short of breath and felt weak all over. He continued to do the same work until the end of the working day.

Dr. Osborne, who testified for the petitioner, stated "the chances are about evenly balanced that it was the work as against the normal progress of the disease." The doctor felt that the petitioner had some background of underlying degenerative process in his arteries at the time of the alleged accident which undoubtedly had been progressing over a period of years.

Dr. Wilbur Manter, a qualified heart specialist, gave it as his opinion, that the condition which the petitioner complained of, could not have been caused by the work he was engaged in on November 22, 1952.

In the lengthy opinion in which the facts and the law are thoroughly discussed and analyzed the Commission found that the necessary elements of accident were not present, namely, "unusual, unexpected and sudden event."

In *Robitaille's* case 140 Me. 121 the court restated the well known rule of law "That the Commission is made the trier of the facts and its findings thereof whether for or against the claimant are final."

Not only was there competent and credible evidence on which the Commission based its findings but it seems to this court that, on the evidence heard by the Commission, no other finding could be made.

*Appeal dismissed.*
*Decree affirmed.*