LIONEL GUAY
*vs.*
CITY OF WATERVILLE
AND
AETNA CASUALTY & SURETY COMPANY

Kennebec.    Opinion, September 14, 1956.

*Jerome G. Daviau,* for petitioner.

*C. Alvin Jagels,* for State.

*Locke, Campbell, Reid and Hebert,*
for the Aetna Casualty and Surety Co.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, TAPLEY, JJ. MURRAY, A. R. J. CLARKE, J., did not sit.

WEBBER, J. This is an appeal from a *pro forma* decree in which a justice of the Superior Court approved the findings of the Industrial Accident Commission and ordered that a petition for award of compensation be dismissed.

The petition, filed with the Commission on December 20, 1955, alleged a personal injury by accident in the course of employment on December 9, 1954. By amendment allowed by the Commission, the date of the alleged accident was changed to December 30, 1954. R. S. 1954, Chap. 31, Sec. 33 provides in part: "An employee's claim for compensation under the provisions of this act shall be barred unless an agreement or a petition * * * shall be filed within 1 year after the date of the accident; provided, however, that any time during which the employee is unable by reason of physical or mental incapacity to file said petition shall not be included in the period aforesaid." It is obvious that if the first date chosen by the petitioner were the correct one, his petition was filed too late unless he was excused by incapacity. If, however, his amended date were the correct one, the filing was seasonable. The respondents by their answer made general denial and specially pleaded failure of seasonable notice and filing. This placed both the date of accident and any legal excuse for delay in filing squarely in issue and it was thereafter encumbent upon the petitioner to prove seasonable notice and filing by the fair preponderance of the evidence.

The evidence here was to some extent in conflict and certainly was of such a nature as to create uncertainty and confusion both as to the date of the alleged occurrence and the inability of the petitioner to comply with the statutory requirement because of incapacity. In the minds of the Commission the weight of the evidence tendered in support of

a date which made filing seasonable in no degree over-balanced the weight of the evidence *contra*. The scales failed to tip in favor of the petitioner's contention on a vital issue. The factfinder was left in a state of unresolved doubt. This doubt is clearly expressed by the following language taken from the decision of the Commission: "After carefully considering and weighing all the evidence, and the circumstances surrounding this case, we find as a fact that this employee has failed to prove by a fair preponderance of the evidence that he did receive a personal injury by accident on December 30, 1954. No one, including the petitioner himself, has definitely given us the correct date of this alleged accident. * * * Assuming that this man did receive an accident while at work, we feel it as reasonable to assume it happened on December 9th as any other date, so far as the evidence is concerned. If it did occur on December 9th, as alleged in the original petition, the case in our opinion is definitely barred by the operation of the statute, and there are no grounds for the application of waiver or estoppel, and we also do not feel that this party was excused because of physical or mental incapacity to file his petition within one year from the date of alleged accident. * * * Where the question of accident, and date of accident is questionable, we do not think the burden lies with the respondents to make any affirmative defense on the matter of failure to file petition within one year from date of alleged accident. We believe for us to rule that this accident took place on December 30th would require a decision based upon guess, surmise or speculation."

Our function upon review was made very clear in *Robitaille's Case*, 140 Me. 121. The court pointed out that at the hearing before the Commission the burden of proof is upon the claimant to establish his contentions upon issues raised by a fair preponderance of the evidence. If a finding of fact is based on any legal and competent evidence it will not be set aside. At page 126, the court said: "If the finding is

against the moving party it must appear that evidence in favor of the moving party was not, in the minds of the Commission, sufficient to sustain the burden of proof against the evidence of the defendant, or that there is absence of any evidence in favor of the moving party, in which situation it matters not whether there be evidence in favor of the defendant, for it is a principle applicable to all judicial proceedings that total lack of evidence in favor of the moving party will entitle the defendant to a decision in his favor, a principle too elemental to require citation of authority. Upon either finding by the Commission, in favor or against the moving party, if it is apparent that the Commission has disregarded evidence which has probative force in favor of the party against whom the decision has been rendered, the decision will be set aside."

The case before us is not one in which evidence was "disregarded" in violation of legal principles. It is rather one in which the evidence tending to favor the petitioner's contention was so undermined by the doubts and uncertainties created by other evidence, that the favorable evidence was deprived of the weight necessary to sustain the burden of proof. We are not the finders of fact nor is it for us to assess the weight of the evidence. We look only for legal error. The Commission found in effect that the evidence was not persuasive upon a vital issue and it refused very correctly and properly to resort to guess, surmise or conjecture. No legal error was thereby committed.

*Appeal dismissed.*
*Decree affirmed.*