**Donald W. LOVEJOY**

v.

**BEECH HILL DRY WALL CO., INC. and/or Maine Bonding and Casualty Company.**

Supreme Judicial Court of Maine.

July 26, 1976.

Silsby, Silsby & Walker, by Raymond L. Williams, Herbert T. Silsby, II, William S. Silsby, Jr., Ellsworth, for plaintiff.

Mitchell, Ballou & Keith, by Kevin M. Cuddy, Bangor, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE,* POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

POMEROY, Justice.

This apeal is from a pro forma decree of the Superior Court sustaining a decision of the Industrial Accident Commission. The commission denied a petition for an award of compensation filed by appellant.

We deny the appeal.

Appellant Lovejoy claimed that while employed by Beech Hill Dry Wall Co., Inc. he received injury in the course of his employment and arising out of it.

* Weatherbee, J., sat at argument and participated in consultation but died prior to preparation of opinion.

He alleges that as he descended by ladder from a roof on which he had been working, he stepped on a staging bracket which pulled loose and caused him to drop a foot or two to the staging below. Although the record is not clear on the point, it does appear that he landed on his feet. He says he felt no pain at the time of the incident. Later that night, however, he experienced some pain in his back but assumed it was due to the fact he had been bent over all day installing shingles.

The accident took place in the presence of but apparently not in the view of Carlton Norton who is the father of Beech Hill's president, Nathan Norton.

What happened thereafter is very much in dispute.

Lovejoy testified that he proceeded directly home, went right to bed, and the next day directed his wife to telephone Nathan Norton to inform him that he would not be able to come to work. Mrs. Lovejoy testified that she made the call as directed and told Mr. Norton that her husband had injured his back while descending from the roof the day before.

Nathan Norton denied having received such call. He testified he did not learn of the incident until approximately six weeks later, at which time Lovejoy suggested that the accident report be backdated so that it would appear appellant had complied with the statutory notice provision of the Workmen's Compensation Act, 39 M.R.S.A. § 63.

Mrs. Norton, Nathan Norton's wife, testified that she did receive a call from Mrs. Lovejoy but that she was told only that Mr. Lovejoy would not be in to work that

day since he had injured his back again. She stated there was no mention made of the occurrence of any accident.

At the hearing before the Industrial Accident Commission the only medical testimony was that of Dr. John McGinn. His first examination of appellant for a back problem was approximately four months after the claimed accident. He testified in some detail as to the treatment which was given, but at no time did he relate the back condition which he found to the roofing *"accident."*

At the close of the hearing the commissioner concluded as follows:

"The evidence falls short of convincing us that Mr. Lovejoy sustained an accidental injury as alleged in the Petition, or that the employer had notice of [sic or] knowledge."

Appellant concedes that we must uphold the findings of the commissioner if there is competent evidence to support them. *Bernier v. Coca-Cola Bottling Plants, Inc.,* Me., 250 A.2d 820 (1969); *Cote v. Allied Chemical Coatings, Inc.,* Me., 249 A.2d 528 (1969); *Robitaille's Case,* 140 Me. 121, 34 A.2d 473 (1943).

He further concedes that there was in fact competent evidence to support the commissioner's findings.[1]

He argues, however, that the decision below must be overturned nonetheless because the commissioner disregarded probative evidence favoring his cause. *Crosby v. Grandview Nursing Home,* Me., 290 A. 2d 375 (1972) and *Robitaille's Case,* supra, are cited as authority for his position.

---

1. We are aware of the existence of 39 M.R. S.A. § 99. *See Guerrette v. Fraser Paper, Limited,* Me., 348 A.2d 260 (1975) and *Anthony Jacobsky v. C. D'Alfonso & Sons, Inc. &/or Hartford Accident & Indemnity Company,* Me., 358 A.2d 511 (1976) for detailed discussion of the effect of the last sentence in 39 M.R.S.A. § 99 which reads:

"His [the commissioner's] decision, in the absence of fraud, upon all questions of fact

shall be final but whenever in a decree the commission expressly rules that any party has or has not sustained the burden of proof cast upon him, the said finding shall not be considered a finding of fact but shall be deemed to be a conclusion of law and shall be reviewable as such."

In appellant's view the undisputed evidence established that

(1) an individual who acted as foreman for Beech Hill was present on the day of Lovejoy's accident and was aware of it; and

(2) Lovejoy's problems with his back were coincident with the roofing accident.

Appellant concludes therefore that the commissioner must have disregarded that evidence in reaching his decision since the foreman's knowledge of the accident serves in lieu of notice thereof to Beech Hill and the testimony concerning the time of appellant's injuries was sufficient to connect those injuries to his roofing mishap.

We do not agree.

It is clear to us from reading the record that there was conflicting testimony as to both the notice or knowledge issue and the accidental injury issue. It does not appear from the record that the *"foreman"* to whom appellant refers was actually a foreman, nor does it appear that that person knew anything more than that someone had slipped on the job. There was evidence that Mr. Lovejoy experienced problems with his back shortly after his fall, but there was also evidence that he had a long history of back problems which were not work-related.[2]

The commissioner had the opportunity to hear the witnesses and judge their credibility. It was for the commissioner as factfinder to resolve the evidentiary conflicts in the case. That he did so contrary to appellant's position indicates to us not that he disregarded the evidence presented by the appellant but rather that he was not persuaded by it.

Accordingly, the entry must be:

Appeal denied.

2. It is not claimed there was aggravation of a preexisting injury. *See Forrest W. Wadleigh v. Robert B. Higgins and/or Fireman's*

Further ordered that the appellees Beech Hill Dry Wall Co., Inc. and/or Maine Bonding and Casualty Company pay to the appellant Donald W. Lovejoy $550 for his counsel fees, plus his actual out-of-pocket expenses of this appeal.

All Justices concurring.

*Fund American Insurance Companies,* Me., 358 A.2d 531 (76).