Waverly BOOBER

v.

**GREAT NORTHERN PAPER
COMPANY et al.**

Supreme Judicial Court of Maine.

Feb. 28, 1979.

Archer & Downing by David R. Downing (orally), Brewer, for plaintiff.

Mitchell, Ballou & Keith by Kevin M. Cuddy (orally), Bangor, for defendants.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

POMEROY, Justice.

Employee appeals from a pro forma decree of the Superior Court, Penobscot County, affirming the denial of an award of compensation by the Industrial Accident Commission.[1] The Commissioner found as a fact that the employee failed to give notice of his injury to his employer within thirty days as required by 39 M.R.S.A. § 63.[2]

We find sufficient legal and evidentiary support for the Commissioner's decision and accordingly, deny the appeal.

Appellant was employed during the time in question in the *"wood room"* of Great Northern Paper Company in East Millinockett, Maine. His responsibilities at this time included removing stray logs fallen among railroad cars being loaded at the mill.

In his petition for compensation appellant alleged that on March 2, 1976, while reaching for a log, he felt a sharp pain in his back, which grew gradually worse during the ensuing week. Although not mentioned in the petition, the record makes clear that appellant had also sustained a prior back injury on December 29, 1975 while at home cutting firewood for personal use. Following this December injury appellant consulted with Dr. Hamlin, the company physician, on several occasions. He returned to work with varying degrees of discomfort. Appellant testified, however, that from approximately late January 1976 to the day of the March 2, 1976 injury, he worked without difficulty.

Following the second accident, appellant visited Dr. Hamlin again, on March 11, and was referred to Dr. Feldman, under whose care appellant underwent physical therapy and confinement in a cast. Appellant's discomfort was finally relieved in July of 1977, following surgery in Bangor.

■ At the outset, we reject appellant's argument that the Commissioner's findings of fact are reviewable as conclusions of law pursuant to 39 M.R.S.A. § 99. That statute provides in part:

*His [the Commissioner's] decision, in the absence of fraud, upon all questions of fact shall be final, but whenever in a decree the commission __expressly__ rules that any party has or has not sustained the burden of proof cast upon him, the said finding shall not be considered a finding of fact but shall be deemed to be a conclusion of law and shall be reviewable as such.* (Emphasis supplied).

In *Guerrette v. Fraser Paper, Limited*, Me., 348 A.2d 260, 262 (1975) we concluded that:

*Section 99 authorizes the Law Court to make independent evaluations from the record only in those cases where a commissioner has failed to do so and has founded his decision __solely__ on the assertion that a petitioner has failed to sustain the burden of proof.* (Emphasis supplied).

The statute was intended, we concluded, *"to eliminate dismissal of petitions on the unexplained ground that a party has failed to*

---

1. The name of the Industrial Accident Commission was changed to the Workers' Compensation Commission by P.L.1978, ch. 612, effective July 6, 1978.

2. The Commissioner made the following findings:

 *1) the employer was not given the notice required under Paragraph 63 of the Act; neither did it have the knowledge of the occurrence referred to in Paragraph 64 of the Act.*

 *2) in view of the failure of Mr. Boobar [sic] to mention seasonably the occurrence referred to in the Petition for Award to Dr. Hamlin who first saw him, or to Dr. Feldman who treated him later, or to his foreman Mr. Powers, or in Employer's Exhibit No. 1, which is a letter to the Union representative, we are not convinced that the allegations of Paragraph 2 of the Petition are correct.*

sustain *his burden of proof."* 348 A.2d at 261–262. In the instant case, as in *Guerrette,* the Commissioner made findings of fact which, while perhaps *"equivalent to a finding that the claimant had not sustained his burden of proof,"* 348 A.2d at 261, disclosed the evidentiary basis for that conclusion. This is not the sort of conclusory dismissal which Section 99 is meant to address.

Appellant next contends that the Commissioner's finding of lack of notice is clearly erroneous, inasmuch as the Commissioner disregarded testimony which appellant insists establishes that such notice was given. In effect, appellant argues that since *some* testimony was presented tending to show that notice was given, and no conclusive proof to the contrary was made, the Commissioner was bound to decide for appellant on that issue.

The notice provisions [3] of the Workers' Compensation Act are silent as to whether the burden of proof on this issue rests with the employer or the employee, and this Court has never directly addressed and settled the question.

In *Guay v. City of Waterville,* 152 Me. 146, 125 A.2d 665 (1956) we considered the portion of the then-applicable statute which provided that a compensation claim should *"be barred unless an agreement or petition . . . [is] filed within 1 year after the date of the accident . . .."* R.S.1954, Chap. 31, Sec. 33.[4] The employer answered by a general denial, and specially pleaded failure of seasonable notice and filing. We observed:

> *This placed both the date of the accident and any legal excuse for delay in filing squarely in issue and it was thereafter encumbent upon the petitioner to prove seasonable notice and filing by the fair preponderance of the evidence.* 152 Me. 147, 125 A.2d 666. (Emphasis supplied.)

The Court's reference to petitioner's burden on the notice issue was obiter dictum, inasmuch as the decision turned upon the question of timely *filing* of claim. Although, therefore, not bound by that view, we conclude that it correctly states the law.

As we also observed in *Guay,* it has been settled since *Robitaille's Case,* 140 Me. 121, 34 A.2d 473 (1943) that *"at the hearing before the Commission the burden of proof is upon the claimant to establish his contentions upon issues raised by a fair preponderance of the evidence."* 152 Me. 148, 125 A.2d 666; *see MacLeod v. Great Northern Paper Company,* Me., 268 A.2d 488, 489 (1970). It thus seems wholly appropriate, as well as consistent with the statutory scheme,[5] that the burden of proof of showing adequate notice rest with the

---

**3.** 39 M.R.S.A. § 63 provides:

> *No proceedings for compensation under this Act, except as provided shall be maintained unless a notice of the injury shall have been given within 30 days after the date thereof. Such notice shall include the time, place and cause of the injury, and the nature of the injury, together with the name and address of the person injured.*
>
> . . . . .
>
> *Such notice shall be given to the employer, or to one employer if there are more employers than one; or, if the employer is a corporation, to any official thereof; or to any employee designated by the employer as one to whom reports of injury to employees should be made. It may be given to the general superintendent or to the foreman in charge of*

the particular work being done by the employee at the time of the injury.

**4.** *See* 39 M.R.S.A. § 95, the currently applicable provision with respect to the filing of claims.

**5.** Sections 64 and 64–A of the Act provide various excuses for lack of or untimely notice, which provisions are more consistent with an interpretation placing the burden on the employee as another element of his claim. Similar provisions appear in Section 95 with respect to the issue of filing of claim, the burden of proof of which we determined in *Guay* to rest with the employee. Professor Larson's treatise supports this view; see 3 A. Larson, *The Law of Workmen's Compensation,* § 78.30 (1976).

employee, once the employer has raised the issue by pleading lack of notice in his answer. In *Guay* we concluded that *"[w]here the question of accident, and date of accident is questionable, we do not think the burden lies with the respondents to make any affirmative defense on the matter of failure to petition within one year from date of alleged accident."* 152 Me. 148, 125 A.2d 666. Similarly, we do not believe the employer is required, in the context of a notice dispute, to present lack of notice as an affirmative defense. To require the employer to prove that negative seems to us an unreasonable burden. The alternative is to require the employee to show notice by a fair preponderance once the issue has been raised by the employer.[6]

 In the instant case appellant insists that, while no evidence directly corroborative of his testimony that he gave notice appeared, no witness specifically *denied* receiving such notice. Therefore, he concludes, the evidence does not support a factual finding that notice was not given.

We disagree.

The evidence presented the Commission conflicted in many particulars. Appellant testified he reported his March 2 accident to his foreman, James Powers. Company records indicated, however, that Mr. Powers was working the day shift at the time in question, while appellant worked nights. Appellant testified he told Doctor Hamlin of the work-related source of his injury; the doctor's records, however, refer only to the December 1975 wood-cutting injury. Patient histories recorded by doctors who later examined appellant (and who, in any event, could not be proper parties to receive notice) contain similar notations. Other evidence tending to undermine appellant's testimony was introduced; the shop's log book contained no record of a March 2 injury to appellant, when practice was to either thus record it or to report it to the day shift foreman. Further, appellee introduced a letter from appellant to his union representative concerning his back problems which is remarkable for its failure even to *mention* an injury on March 2.[7]

In opposition to this evidence appellant points to the testimony of a co-worker who recalls seeing appellant in pain shortly after the alleged accident, and to Mr. Powers' testimony that he was informed of the accident, although he could not recall when. This testimony was, in our view, valueless. Appellant's colleague was not a proper recipient of notice and testified he did not know whether notice was given. Mr. Powers' testimony amounted to no more than an affirmation that he *now* knew of the injury.[8]

---

**6.** We are aware that the issue is not beyond dispute, and that other jurisdictions have reached contrary conclusions. Our examination of the authorities convinces us, however, that we have correctly determined the intention of our legislature. *Compare* cases cited in 100 C.J.S. *Workmen's Compensation* § 524, at n. 28 and n. 32.

**7.** Counsel for appellee cross-examined appellant concerning this letter:

> *Q. Was this after March of 1976 that you wrote this letter?*
> *A. Yes, sir.*
> *Q. Was this letter, or does this letter relate to problems with your back?*
> *A. When?*

**8.** *Q. Specifically do you recall whether Waverly Boober advised and that he had been injured while at work?*
*A. He has, but to tell you the year and date, no I can't, to be honest with you right now.*

> *Q. Of any time? Is that the subject of the letter, the problems that you had with your back?*
> *A. Yes, there's one thing I left out in here.*
> *Q. Well, we'll get to that in a minute.*
>
> *Q. . . . [I]s the substantial thing that was left out of this letter any reference to the fact that you injured your back at Great Northern Paper Company on March 2, 1976?*
> *A. Yes, sir, I think it is.*

Appellant's proof, in sum, consisted of his testimony that he reported the injury to his foreman and to Doctor Hamlin, and of the foreman's testimony that, at *some* point prior to testifying, he learned of appellant's injury. Conflicting evidence undermining each of these was also presented, as noted.

Viewing this state of the evidence appellant contends that the Commissioner's findings cannot stand, since *"competent and probative evidence favorable to the claimant on the issue of the actual occurrence of the work related injury was disregarded or misapprehended by the Commissioner in arriving at his findings of fact and conclusions of law."* Accordingly, he contends that we must set aside the findings, given the perceived absence of competent evidence to support them.[9] *Crosby v. Grandview Nursing Home*, Me., 290 A.2d 374 (1972).

A similar claim was made and rejected in *Lovejoy v. Beech Hill Dry Wall Co., Inc.*, Me., 361 A.2d 252, 254 (1976). There we concluded, as we do here, that:

> That commissioner had the opportunity to hear the witnesses and judge their credibility. It was for the commissioner as factfinder to resolve the evidentiary conflicts in the case. That he did so contrary to appellant's position indicates to us not

that he disregarded the evidence presented by the appellant but rather that he was not persuaded by it.

The evidentiary conflicts in this case made credibility a pivotal concern. We decline to override, on the basis of our examination of the cold record, the Commissioner's assessment of the witnesses' credibility. The Commissioner's findings are supported by competent evidence, including that specifically cited in the findings, and are therefore final.

In sum, we find that the Commissioner carefully weighed the evidence and justifiably found facts which led him to conclude that appellant had failed to meet his burden of proof.[10]

The entry is:

Appeal denied.

Judgment affirmed.

It is ordered that the employer pay to the employee an allowance of $550.00 for his counsel fees, plus his reasonable out-of-pocket expenses for this appeal.

DELAHANTY, J., did not sit.

---

Q. Can you tell me when you found out he was injured?
A. I can't tell you when, no. Not to be honest about the date and time, no. He was injured. That's as far as I can go on that.
Q. Is that based on your present knowledge or what you knew back at the time he was injured?
A. *That's based on my present knowledge.* (Emphasis added.)

9. For example, he argues, although Doctor Hamlin's testimony and records did not disclose any receipt of notice, *"there is no testimony of Doctor Hamlin stating that Mr. Boober did not inform Doctor Hamlin of the incident."* (Emphasis supplied).

10. *See Brown Shoe Co. v. Industrial Commission*, 374 Ill. 500, 30 N.E.2d 4, 6 (1940):

> Defendant in error had the burden of proving that notice of the accident had been given . . . .. It was a question of fact for the determination of the commission and when it made the first finding that no notice had been given, that finding was not subject to reversal by the court unless . . . manifestly against the weight of the evidence. There was a conflict in the evidence as to whether any conversation in reference to the accident occurred as claimed by defendant in error and under such circumstances it was the province of the commission to weigh the evidence and determine the credit and weight to which each witness was entitled. Under the circumstances shown the commission's findings on that question should not have been set aside by the circuit court . . . ..