Harold A. GARDNER, Sr.

v.

D. W. SMALL & SONS, INC. and Commercial Union Insurance Company.

Supreme Judicial Court of Maine.

March 15, 1979.

Francis J. Hallissey (orally), Machias, for plaintiff.

Mitchell, Ballou & Keith by Kevin M. Cuddy (orally), Bangor, for defendants.

Before McKUSICK, C. J., POMEROY, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ., and DUFRESNE, A. R. J.

PER CURIAM.

In his appeal, employee Harold A. Gardner, Sr., seeks reversal of the Industrial Accident Commission's[1] decision denying him worker's compensation benefits. We find no error in that decision on this record.

Gardner worked for three years as a mechanic for employer-appellee D. W. Small & Sons, Inc. The employee's duties included changing tires and performing tune-ups on trucks and cars. Before the commission he testified that during the afternoon of February 16, 1975, while he was performing tune-ups, he "got a sore feeling" in his lower back. The pain increased that night, and the following morning his wife reported to his employer that he was sick with a cold and a sore back. Because of difficulty with his back, he never returned to work.

Two physicians who had treated Gardner's back problem testified before the commissioner, and the employee submitted a medical report from a third doctor. As stated by the commissioner, one physician "expressed no opinion as to the origin" of the employee's back condition, a second "was quite uncertain" about the cause of the problem, and the third "diagnosed the condition as chronic low back strain which he said could have occurred during Mr. Gardner's work activities." The record is devoid of evidence directly linking the employee's back problem to work-related activity. Consequently, the commissioner did not err in dismissing the employee's petition for award of compensation on grounds that the "evidence leaves grave doubt as to whether Mr. Gardner's back condition is work related." See Boober v. Great Northern Paper Co., Me., 398 A.2d 371 (1979).

The entry is:

Appeal denied.

Judgment affirmed.

It is further ordered that the employer pay to the employee an allowance of $550.00 for his counsel fees, plus his reasonable out-of-pocket expenses for this appeal.

WERNICK, J., did not sit.

DUFRESNE, A. R. J., sat by assignment.

___

1. The name of the Industrial Accident Commission was changed to Workers' Compensation Commission by P.L.1978, ch. 612, effective July 6, 1978.