Vittorio PATRIOTTI

v.

**GENERAL ELECTRIC CO. et al.**

Benoit MARTIN

v.

**CITY OF BIDDEFORD et al.**

Supreme Judicial Court of Maine.

Argued Jan. 3, 1991.

Decided Feb. 25, 1991.

James J. MacAdam, James G. Fongemie (orally), McTeague, Higbee, Linber, MacAdam, Case & Watson, Topsham, for Patriotti.

David R. Ordway (orally), Ordway & Associates, Biddeford, for Martin.

Michael Saucier, Thompson & Bowie, Portland, for Aetna.

Daniel Wyman (orally), Richardson & Troubh, Portland, for Fireman's Fund.

James C. Hunt (orally), Robinson, Kriger, McCallum & Greene, Portland, for General Electric.

Before McKUSICK, C.J., and
ROBERTS, WATHEN, GLASSMAN,
CLIFFORD and BRODY, JJ.

McKUSICK, Chief Justice.

Each employee in these consolidated cases appeals from a decision that his petition for benefits under the Workers' Compensation Act was barred by the ten-year statute of limitations which provides in relevant part: "No petition of any kind may be filed more than 10 years following the date of the latest payment made under this Act." 39 M.R.S.A. § 95 (Supp.1990). The employees' appeals raise, as an original issue for this court, the question whether the employer or the employee bears the burden of proof when the employer asserts the ten-year statute of limitations as an affirmative defense. Contrary to the rulings of the Workers' Compensation Commission and the Appellate Division, we hold that the employer bears that burden of proof.

I.

*The Facts*

A. *Patriotti v. General Electric Co.*

On April 3, 1975, the employee, Vittorio Patriotti, sustained a compensable back injury while working at General Electric Company. He first received total, and then partial, incapacity benefits until October 17, 1976, when he resumed full-time employment. A consent decree approved in November 1978 formalized the agreement between the parties that the employee had received all benefit due him; the decree gave October 27, 1976, as the date of the insurer's final payment. The employee filed no further claim based on the 1975 injury until August 3, 1988, when he filed a

petition to fix the amount to be allowed for medical services, claiming a total of $58.50 owed to the hospital where he had been examined for a back complaint. Finding no evidence of any payment on the employee's 1975 injury within ten years of the petition to fix, a Workers' Compensation commissioner held that the petition was barred by the ten-year statute of limitations. The commissioner placed the burden of proof on this issue on the employee. The Appellate Division approved the commissioner's rationale and affirmed. The employee appeals.

### B. *Martin v. City of Biddeford*

The employee, Benoit Martin, is a thirty-year veteran of the Biddeford Police Department and is currently the Deputy Chief. He sustained a work-related back injury in September 1975 and required surgery; he received total incapacity benefits through the post-operative period. Under an agreement approved in July 1976, the employee accepted the discontinuance of payments by the insurer, Fireman's Fund Insurance Company, as of November 18, 1975. He saw his physician a few times in 1977 for persistent back problems, but did not testify at the hearing as to who paid those bills. In 1986, following another injury to his back, the employee began seeing a chiropractor. He sent the bills to the City, unaware that sometime between the two injuries the City had changed insurers. The City forwarded the bills to its new insurer, Aetna Casualty & Surety Company, which paid them without question through 1987. Aetna has paid none of the chiropractor's bills since March 24, 1988.

On November 5, 1987, Aetna filed a petition for apportionment against Fireman's Fund for costs arising from the 1975 injury. In June 1988, after Aetna notified the employee that it would no longer pay his chiropractic bills, the employee filed a petition to supplement Aetna's petition for apportionment with a petition to fix against both carriers. The petition to supplement was granted and the petition to fix consolidated with the apportionment proceeding. After hearing, a Workers' Compensation commissioner issued an opinion in which he found "no evidence of any benefit payments by Fireman's Fund for any earlier injury in the ten years before November 6, 1987, the date the Petition for Apportionment was filed." Assuming that the burden of proof on the ten-year statute question rested on the employee, the commissioner held that both the employee's claim and Aetna's petition for apportionment were barred by the ten-year statute.

The employee and Aetna appealed to the Appellate Division. Before the appeal was heard, the parties agreed to an amplification of the record. Added to the record was an affidavit by the employee's attorney in which he stated that he had asked the insurer to produce any record of payment for the period between January 1977 and January 21, 1986, to which were attached letters from counsel for Fireman's Fund stating that they had been unable to find any such documents. Relying on the analysis in the Appellate Division's *Patriotti* decision as to the burden of proof on the ten-year statute of limitations, the Appellate Division affirmed the commissioner's decision that the claims were time-barred. The employee, but not Aetna, appeals.

### II.

### *Employer's Burden of Proof under the Ten–Year Statute of Limitations*

■ The central issue in both cases is which party bears the burden of proof on the ten-year statute of limitations prescribed by section 95. Although the Workers' Compensation Commission has placed this burden on the employee, we hold that the burden of proof is more appropriately placed on the employer. *Prima facie* the burden of proving an affirmative defense rests on the party whom the rules of pleading charge with pleading that defense. *See* M.R.Civ.P. 8(c); 1 Field, McKusick & Wroth, *Maine Civil Practice* § 8.7 (1970). Contrary to the *prima facie* rule, "considerations of fairness and convenience" in some situations dictate a different allocation of the burden of proof on limitations questions. *Patten v. Milam*, 480 A.2d 774,

776 (Me.1984). In the case of the ten-year limitation of section 95, however, those considerations of fairness and convenience only reinforce the appropriateness of assigning the burden of proof to the employer, which must plead the ten-year statute as an affirmative defense. The employer is the party that has or can most readily gain control of the evidence required, i.e., the record of the date of the latest prior payment under the Act. For the employer, the burden imposed is not onerous and can be satisfied in the first instance with a modest amount of information. The employer need only show that its insurance company or companies had the coverage throughout the pertinent period, that it or they routinely maintained and preserved records of all payments made on claims during that period, and that the last payment on a claim by the employee was more than ten years prior to the filing of the current claim.

Our holding here completes a consistent pattern of rules in workers' compensation cases. In *Guay v. City of Waterville,* 152 Me. 146, 125 A.2d 665 (1956), we held that the burden of proof on the basic one-year statute of limitations rests on the employee because the critical fact issue there is the date of injury from which the one year is measured and the employee would have better access to that evidence.[1] In *Boober v. Great Northern Paper Co.,* 398 A.2d 371 (Me.1979), we addressed the issue of which party had the burden of proof to show that the employee had given timely notice of his injury under 39 M.R.S.A. § 63.[2] Again, because of the employee's superior access to information as to the date of injury, we held that the burden of proof rests with the employee. *Id.* at 373–74; *see also id.* at 373 n. 5 (sections 64 and 64–A providing excuses from 30–day notice requirement also consistent with employee's burden of proof). In the cases at bar, where the burden of proof on the ten-year statute is an issue, the same considerations that controlled in *Guay* and *Boober* compel a different result. Because the critical fact question on the ten-year statute is the date of the latest prior payment under the Act and because the employer is better placed to maintain that information, considerations of fairness and convenience dictate allocating the burden of proof to the employer. Since the commissioner in both cases applied the wrong burden of proof rule, we remand them both for new hearings.

### III.

### *No Tolling of the Ten–Year Statute of Limitations*

■ There remains a second issue in *Martin v. City of Biddeford.* The employee argues that even if he filed his claim after the running of the ten-year limitations period, Aetna's voluntary payments after January 1986 either tolled the ten-year statute or revived his claim. We have already rejected this argument. *See Harvie v. Bath Iron Works Corp.,* 561 A.2d 1023, 1025 (Me.1989) (two-year statute of limitations). If on remand the commissioner finds that the statute had run, any voluntary payments by Aetna would not toll or reopen the limitation period.

The entry is:

The decisions of the Appellate Division are vacated. Both cases are remanded to the Appellate Division with instructions to remand to the Commission for further proceedings consistent with the opinion herein.

It is further ordered that each employer pay to its employee $750 for his attorney

---

1. The one-year statute of limitations with which the *Guay* court was working provided in relevant part: "An employee's claim for compensation under the provisions of this act shall be barred unless an agreement or a petition as provided in the preceding section shall be filed within 1 year after the date of the accident." R.S.1954, ch. 31, § 33.

The present statute, 39 M.R.S.A. § 95 (Supp. 1990), changes the basic limitations period to two years.

2. 39 M.R.S.A. § 63 (1989 & Supp.1990) now provides in relevant part: "No proceedings for compensation under this Act, except as provided, shall be maintained unless a notice of the injury shall have been given within 30 days after the date thereof."

fees plus his reasonable out-of-pocket expenses for this appeal.

All concurring.