2005 ME 111

**Arthur LEIGHTON**

v.

**S.D. WARREN COMPANY et al.**

Supreme Judicial Court of Maine.

Argued: June 14, 2005.
Decided: Oct. 20, 2005.

---

James A. MacAdam, Anna Priluck (orally), MacAdam Law Offices, P.A., Portland, for employee.

Thomas E. Getchell (orally), Troubh Heisler Piampiano Hark Andrucki, Portland, for employer.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, and LEVY, JJ.*

---

* Justice Paul L. Rudman sat at oral argument and participated in the initial conference, but

SAUFLEY, C.J.

[¶ 1] In this appeal from a decision of a hearing officer of the Workers' Compensation Board (*Dunn, HO* ), we are called upon to decide which party has the burden of proof with regard to whether the employer had contemporaneous notice that payments made for a later injury related in part to a prior injury, thereby tolling operation of the statute of limitations for the prior injury, 39 M.R.S.A. § 95 (Supp. 1982).[1] We conclude that the employer bears the burden of establishing when the latest payment for the original injury was made, but that the burden shifts to the employee to establish that the statute of limitations has been tolled through contemporaneous notice. Because the hearing officer properly allocated the respective burdens in this case, we affirm the decision.

## I. BACKGROUND

[¶ 2] Arthur Leighton worked in the pulp mill at S.D. Warren from 1970 until January of 2003. On May 29, 1983, Leighton injured his right hand in a work-related accident, when his sleeve got caught in a chain and dragged his hand into a sprocket. As a result, his right ring finger was partially amputated. He had several surgeries after the amputation to repair nerve damage in the finger. He was released to regular duty work on April 6, 1987.

[¶ 3] S.D. Warren's predecessor accepted the injury and paid Leighton's incapacity benefits and medical bills. The

employer also entered into a permanent impairment agreement with Leighton regarding this injury. Leighton last received medical treatment for the 1983 injury on September 24, 1991. The bill for that treatment was paid on November 18, 1991.

[¶ 4] Leighton worked regular duty at S.D. Warren from 1987 until, on January 26, 2000, he sustained a crush injury to his right middle finger at work, resulting in the amputation of the tip of that finger and requiring several subsequent surgeries to repair nerve damage. S.D. Warren accepted that injury and paid the related medical and incapacity benefits.

[¶ 5] Leighton returned to work sometime after the 2000 injury, but was restricted to light duty. In January of 2003, S.D. Warren terminated Leighton because light-duty work was no longer available. Since that time, Leighton has received total incapacity benefits.

[¶ 6] On December 5, 2002, Leighton filed a petition for restoration of benefits related to the 1983 injury.[2] He asserted that S.D. Warren had contemporaneous notice, before the passage of ten years after the last payment related to the ring finger, that payments subsequent to the 2000 injury related to both the 1983 and 2000 injuries, and, therefore, that the statute of limitations for the 1983 injury was tolled pursuant to *Klimas v. Great Northern Paper Co.*, 582 A.2d 256 (Me.1990).

[¶ 7] At the evidentiary hearing, Leighton testified that his ability to use his right hand was diminished after the 2000 injury

retired before this opinion was certified.

1. Title 39 M.R.S.A. § 95 (Supp.1982) has been repealed and replaced by P.L. 1991, ch. 885, §§ A–7, A–8 (effective January 1, 1993) (codified at 39–A M.R.S.A. § 306 (2001)).

2. Although Leighton already receives total incapacity benefits for the 2000 injury, he seeks

to restore benefits for the 1983 injury in order to gain a cost of living adjustment for any portion of the benefits attributable to that injury, in accordance with *Dunson v. South Portland Housing Authority*, 2003 ME 16, ¶ 9, 814 A.2d 972, 977.

because of the combined effects of the 1983 and 2000 injuries. He testified that he had reported this to S.D. Warren doctors and his treating physician within the limitations period.

[¶ 8] The Workers' Compensation Board hearing officer denied the petition for restoration, making an express finding of fact that the employer did not have contemporaneous notice that payments made after the 2000 injury related in part to the 1983 injury.

[¶ 9] The hearing officer denied Leighton's request for additional findings, and Leighton filed a petition for appellate review, which we granted pursuant to 39–A M.R.S.A. § 322 (2001).

## II. DISCUSSION

### A. Burden of Proof

[¶ 10] Title 39 M.R.S.A. § 95,[3] establishes a two-year statute of limitations for filing a petition for workers' compensation benefits, and further provides that "[n]o petition of any kind may be filed more than 10 years following the date of the latest payment made under this Act." We have held that the limitations period for a claim is tolled if payments made by the employer or insurer for a subsequent injury were made with "contemporaneous notice" that the payments "were for treatment that was in part necessitated by" the earlier injury. *Klimas*, 582 A.2d at 258.

[¶ 11] We first announced this rule in *Pottle v. Bath Iron Works Corp.*, 551 A.2d 112, 114 (Me.1988), although there it related to section 95's two-year limitation period. In that case, the employee injured his left knee first in 1980, and again in 1982. *Id.* at 113. He filed petitions in 1985, requesting benefits related to both the 1980 and 1982 injuries. *Id.* After a hearing, the Commissioner ruled that medical treatment and payments made to Pottle subsequent to the 1982 injury had tolled operation of the statute for the 1980 injury. *Id.* We vacated the decision, reasoning that tolling could not result from compensation payments made for the 1982 injury because there was nothing in the record to indicate that the subsequent payments had been made on account of the 1980 injury. *Id.* at 114. That the earlier injury was later determined to have contributed to the permanent impairment was not relevant. A "subsequently determined causative connection does not provide the notice at the time of treatment that is required to toll the statute of limitations." *Id.* at 114–15.

[¶ 12] We revisited the issue of tolling in *Klimas*, 582 A.2d 256. Klimas had injured his right knee at work in 1974, and again in 1982. *Id.* at 257. In 1986, he filed a petition for benefits. *Id.* The insurer on the 1974 injury asserted the ten-year statute of limitations defense. *Id.* We interpreted *Pottle* to hold that the limitations period would be tolled only if payments made after the 1982 injury were made "with contemporaneous notice that they were made for treatment that was in part necessitated by the 1974 injury." *Id.* at 258. Because the Workers' Compensation Commissioner had not made the critical

---

3. Title 39 M.R.S.A. § 95 provides, in relevant part:

Any employee's claim for compensation under this Act shall be barred unless an agreement or petition ... shall be filed within 2 years after the date of the injury, or, if the employee is paid by the employer or the insurer, without the filing of any petition or agreement, within 2 years of any payment by such employer or insurer for benefits otherwise required by this Act.... *No petition of any kind may be filed more than 10 years following the date of the latest payment made under this Act.*

(Emphasis added.)

finding whether the employer had notice when it made the payments, the Court remanded the case for additional findings. *Id.* at 258–59.

[¶ 13] In the case before us, S.D. Warren established that the latest payment for Leighton's 1983 injury was made on November 18, 1991. If, after the 2000 injury, the employer made no additional payments related to the 1983 injury, the limitations period would have expired on November 18, 2001. The parties agree that the hearing officer assigned to the employee the burden of establishing that the statute of limitations had been tolled by the later payments. We now determine whether this was a proper allocation of the burden of proof.

[¶ 14] Initially, the employer bears the burden of proof when it asserts the statute of limitations as an affirmative defense. *Patriotti v. General Elec. Co.*, 587 A.2d 231, 232 (Me.1991). We have allocated the burden on this issue to the employer for reasons of "fairness and convenience." *Id.* at 233. "The employer is the party that has or can most readily gain control of the evidence required, i.e., the record of the date of the latest prior payment under the Act." *Id.*

[¶ 15] Nonetheless, we have also held that the burden is on the *employee* to demonstrate that the employer or insurer had contemporaneous notice. *Klimas*, 582 A.2d at 259 (stating "Klimas need only prove that [the employer] had the contemporaneous notice required by *Pottle*."); *Lister v. Roland's Serv., Inc.*, 1997 ME 23, ¶ 5, 690 A.2d 491, 493 (stating that "the employee need only show that the employer had notice that payments were necessitated in part by the prior injury[.]") (emphasis omitted).

[¶ 16] In the event that there is any question as to the shifting burdens, we now confirm that the employee bears the burden of proof on the issue of whether the statute of limitations has been tolled. After the employer submits evidence of a date of latest payment that is more than ten years prior to the date the current petition was filed, and assuming that the hearing officer is persuaded by that evidence, if the employee claims that the statute was tolled, the burden shifts to the employee to establish that the employer or insurer had contemporaneous notice that payments made within the limitations period but after a subsequent injury related in part to the prior injury.

[¶ 17] Allocating the burden to the employee on this issue is supported by reasons of fairness and convenience. The employee is the party that has or can most readily gain control of the evidence required to establish that he or she had informed the employer or insurer that the current incapacity is attributable to both the prior and more recent injury. The employee can satisfy this burden by, for example, submitting medical records that attribute the onset of new symptoms at least in part to the prior injury, along with evidence that the insurer or employer had been made aware of the contents of the records at the time payments were made. Or, the employee could submit proof that he or she had asserted a belief to the employer at the time payments were being made that the older injury is at least in part responsible for the later incapacity.

[¶ 18] S.D. Warren carried its burden with evidence that the latest payment on account of the 1983 injury was made in 1991, more than ten years before the petition for restoration was filed. Thereafter, the burden shifted to Leighton to show that the payments made after the 2000 injury were made with contemporaneous notice to S.D. Warren that the incapacity

or medical treatment resulted at least in part from the 1983 injury.

[¶ 19] The hearing officer found, based on the testimony of the treating physician for the 2000 injury, that all of the medical payments made after that injury related to the second injury. With respect to the incapacity payments, the hearing officer stated:

> I am not persuaded that the employer had "contemporaneous knowledge" that these incapacity payments were related to the prior injury. Though the prior injury also involved the right hand, the employee had been working regular duty since 1987. The existence of the Permanent Impairment Agreement dated August 5, 1983, is also not sufficient to prove "contemporaneous knowledge" by the employer that incapacity payments made seventeen years later were related to that injury.

[¶ 20] The hearing officer properly allocated the respective burdens in this case.

**B.   Evidence of Contemporaneous Notice**

■ [¶ 21] Leighton next contends that he satisfied his burden of proof on the issue of contemporaneous notice, and the record compels a finding that the statute of limitations did not bar his claim on the 1983 injury. Leighton contends it was self-evident that his incapacity after the second injury resulted from the combined effects of two amputations to adjacent fingers on the same hand. He further argues that S.D. Warren should be charged

with constructive notice that his 1983 injury contributed to his post–2000 incapacity because the medical records show that S.D. Warren's staff physician was aware at the relevant time that Leighton's incapacity resulted from both injuries.

[¶ 22] The hearing officer made express findings that S.D. Warren did not have contemporaneous notice because: (1) the employee had been working regular duty for thirteen years before the second injury; (2) although both injuries involved the right hand, the injuries resulted from separate and discrete traumatic incidents; and (3) the surgeon who treated the second injury testified that all of his treatment had been for the second injury. There is evidence in the record that supports these findings. While Leighton submitted some evidence that could support a finding that the employer had notice, the hearing officer expressly stated in the decree that it was not persuaded by that evidence. Because we are directed by statute to refrain from reviewing factual findings of Workers' Compensation Board hearing officers, 39–A M.R.S.A. §§ 318, 322(3) (2001),[4] we decline to do so.

The entry is:

Judgment affirmed.

---

4.   Title 39–A M.R.S.A. § 318 (2001) provides, in relevant part, that:

The hearing officer's decision, in the absence of fraud, on all questions of fact is final; but if the hearing officer expressly finds that any party has or has not sustained the party's burden of proof, that finding is considered a conclusion of law and is reviewable in accordance with section 322.

Title 39–A M.R.S.A. § 322(3) (2001) provides, in relevant part, that "if the petition for appellate review is granted, ... the appeal before the Law Court must be treated as an appeal in an action in which equitable relief has been sought, except that there may be no appeal upon findings of fact."